UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. STEVENS, | |
| Plaintiff, | No. 15 C 1405 |
| v. | Judge Thomas M. Durkin |
| RICHARD SHARIF, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

William Stevens, an attorney, alleges that his former client, Richard Sharif, failed to pay him for legal services. R. 1. Sharif has filed a counterclaim for malpractice against Stevens. R. 51. Stevens has moved to dismiss Sharif's counterclaim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 63. For the following reasons, Stevens's motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

## Background

Stevens agreed to represent Sharif in bankruptcy proceedings and subsequent appeals. R. 1 ¶ 7. Although neither party addresses the details of the bankruptcy proceedings in this case, the Supreme Court reviewed the facts in *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015). According to the Supreme Court, Sharif entered into a business contract with Wellness International Network but later sued the company in a federal court in Texas. *Id.* "Sharif repeatedly ignored Wellness' discovery requests and other litigation obligations, resulting in an entry of default judgment [and an award of attorney's fees] for Wellness." *Id.*

In part as a result of the debt he incurred in the *Wellness* case, Sharif filed for Chapter 7 bankruptcy in the Northern District of Illinois in 2009. *Id.* Sharif was unable to discharge his debts, in part, because Wellness discovered a loan

2

application document in which Sharif purported to own over $5 million in assets in a trust established in the name of Sharif's mother. *Id.*

Sharif alleges Stevens committed malpractice when he failed to present evidence that Sharif did not own the trust. R. 51 ¶ 3. Sharif contends that this evidence would have formed a basis for the bankruptcy court to discharge his debt. *Id.* ¶ 10. Instead, in July 2010, the bankruptcy court found that the trust's assets were property of Sharif's bankruptcy estate and subject to Sharif's creditors. *See Wellness Int'l*, 135 S. Ct. 1932 at 1941.

Sharif also alleges that Stevens committed malpractice when he failed to raise an objection to the bankruptcy court's jurisdiction on appeal. R. 51 ¶ 4. Before briefing on Sharif's appeal began in the district court, the Supreme Court decided *Stern v. Marshall*, 564 U.S. 463 (2011). In *Stern*, the Supreme Court held that a bankruptcy court could not "enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim," *id.* at 503, because the authority of bankruptcy courts is not derived from Article III of the Constitution. *Id.* at 483-503. On the basis of the Stern decision, Sharif alleges that the bankruptcy court lacked jurisdiction to enter a final judgment regarding ownership of the trust, and that Stevens should have made this argument before the district court and the Seventh Circuit. *See* R. 51.

Stevens failed to cite *Stern* in the briefs he filed on Sharif's behalf in the district court. See R. 68-1 at 1-2. Stevens did, however, move to file a supplemental brief addressing *Stern* after the Seventh Circuit issued its decision in *In re Ortiz*,

3

665 F.3d 906 (7th Cir. 2011), which explained *Stern's* impact. *Id*. The district court denied this motion and affirmed the bankruptcy court's decision. *See Sharifeh v. Fox*, 2012 WL 469980 (N.D. Ill. Feb. 10, 2012).

Sharif, again represented by Stevens, appealed the district court's decision. *See* R. 68-1. In his opening brief in the Seventh Circuit, Stevens again failed to make an argument based on *Stern*. *Id*. at 2. He did, however, include this argument in his reply brief. *Id*. Despite Steven's failure to raise a *Stern* objection in his opening brief, the Seventh Circuit held that a *Stern* objection could not be waived, and reversed the district court, holding "the bankruptcy court lacked constitutional authority to enter final judgment." *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 775-76 (7th Cir. 2013).

In 2015, the Supreme Court reversed the Seventh Circuit, holding that adjudication by an Article III judicial body was a personal right and could be waived by a litigant, as opposed to a constitutional right that cannot be waived. *Wellness Int'l*, 135 S. Ct. at 1942-47. It remanded the case to the Seventh Circuit, with instructions to decide whether Sharif waived this jurisdictional right by failing to raise a *Stern* objection until his reply brief. *Id*. at 1949. On remand, the Seventh Circuit held that Sharif "waited too long to raise his Stern objection because he did not mention the issue until his reply brief," and on that basis, the court affirmed the district court's decision against Sharif. *Wellness Int'l Network, Ltd. v. Sharif*, 617 Fed. App'x 589, 590-91 (7th Cir. 2015).

4

## Analysis

Under Illinois state law, "[i]n an action for legal malpractice the plaintiff must plead and prove that: the defendant attorney owed the plaintiff a duty of due care arising from the attorney-client relationship; that the defendant breached that duty; and that as a proximate result, the plaintiff suffered injury in the form of actual damages." *Governmental Interinsurance Exch. v. Judge*, 850 N.E.2d 183, 186-87 (Ill. 2006). "In Illinois the question of whether a lawyer has exercised a reasonable degree of care and skill in representing and advising his client had always been one of fact." *Nelson v. Quarles and Brady, LLP*, 997 N.E.2d 872, 880 (Ill. App. Ct. 1st Dist. 2013). "However, although the question of whether a lawyer has breached a duty to his client presents a factual question, courts have held that the issue may be decided as a matter of law under the doctrine of judgmental immunity which provides that an attorney will generally be immune from liability, as a matter of law, for acts or omissions during the conduct of litigation, which are the result of an honest exercise of professional judgment." *Id.* at 880-81; *see also Smiley v. Manchester Ins. & Indem. Co.*, 375 N.E.2d 118, 122 (Ill. 1978) ("It is clear that an attorney is liable to his client only when he fails to exercise a reasonable degree of care and skill; and he is not liable for mere errors of judgment."). Additionally, many courts have characterized "judgmental immunity" as protecting an attorney from liability for a decision "where the law is unsettled" or "the decision is tactical." *See Nelson*, 997 N.E.2d at 882-83 and n.3 (citing cases); *see also Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) ("the rule that an attorney is not

liable for an error of judgment on an unsettled proposition of law is universally recognized"). But an attorney can be liable for even a tactical decision if that decision does not evince "a reasonable degree of skill and care." *Nelson*, 997 N.E.2d at 883.

Sharif alleges that Stevens should have raised a *Stern* objection on appeal, and that his failure to do so resulted in Sharif waiving what the Seventh Circuit had ruled was an otherwise meritorious argument in its 2013 decision. *See* R. 51 ¶ 9. In his defense, Stevens contends that prior to the Supreme Court's decision in *Wellness International Network v. Sharif* the law regarding whether a *Stern* objection could be waived was unsettled. As Stevens points out, this contention cannot reasonably be disputed because the Supreme Court's decision on that issue overturned a Seventh Circuit decision, and a dispute among the judges of the Seventh Circuit and the justices of the Supreme Court is a differing of reasonable minds if there ever was one. In light of this unsettled law, Stevens argues that his decision not to raise a *Stern* objection was a judgment call that cannot form the basis of a malpractice claim.

But the real issue here is not whether the law regarding waiver was unsettled, but whether Stevens acted reasonably in leaving the *Stern* objection to the reply brief even though by the time of Sharif's appeal the *Stern* objection was clearly settled law. Even if Stevens was unaware of, or did not understand, the force of the *Stern* decision immediately upon its issuance by the Supreme Court, he certainly understood it once the Seventh Circuit explained it in *In re Ortiz*. That

6

decision precipitated Stevens's motion to supplement his briefing in the district court, and in that brief, Stevens demonstrated that he understood the implications of *Stern* for Sharif's case.

Indeed, the fact that the law regarding waiver was unsettled—meaning that waiver of such an issue was still a possibility—was a reason for Stevens to ensure that he made the *Stern* objection in his opening brief in the Seventh Circuit. Presumably, to the extent waiver was possible, it was Stevens's job to avoid it. Stevens alludes to the idea that waiting to raise the *Stern* objection until the reply was somehow a strategic decision, but he does not expressly make this argument and provides no explanation for the basis of the judgment he might have made in that regard. Absent such argument or explanation, the pleadings in this case do not provide a basis for the Court to determine as a matter of law that Stevens's decision is protected by judgmental immunity. Rather, the pleadings present a factual question regarding whether Stevens actually made a reasoned decision to omit the *Stern* objection, or negligently failed to include it in his brief. That question is not appropriate for resolution on motion made pursuant to Rule 12(b)(6), but must await discovery. *See Nelson*, 997 N.E.2d at 578 ("Defendant's argument that its conduct involved, at most, a mere error of judgment presupposes that an actual 'decision' was made on its part, which is not reflected in the record at this stage.").

**Conclusion**

For the foregoing reasons, Stevens' motion to dismiss, R. 63, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 4, 2016