IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM J. STEVENS,
          Plaintiff,
  v.

RICHARD SHARIF
          Defendant,

RICHARD SHARIFF and THE ESTATE OF SOAD WATTAR,
          Counter Plaintiffs,
  v.

WILLIAM J. STEVENS,
          Counter Defendant.

No. 1:15-CV-01405

Judge Thomas Durkin

## **MOTION FOR RULING**

Plaintiff/Counter-Defendant, WILLIAM J. STEVENS, through his attorneys with respect to the counterclaim, John J. Duffy, Scott J. Kater and DONOHUE BROWN MATHEWSON & SMYTH LLC, hereby moves this Honorable Court to rule on Stevens's motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial. In support thereof, Counter Defendant Stevens states as follows:

1. At the last status hearing in this matter, on April 4, 2018, this Court ordered counsel for the parties to discuss whether the Court ruling on Counter Defendant, William J. Stevens's, motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial would streamline the remaining issues set for a bench trial in this matter. The Court ordered counsel for the parties to make a decision on this issue prior to the next status hearing, which is currently set for May 4, 2018, at 9:00 a.m.

2. Counter Defendant Stevens files this motion to request that this Court rule on his motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial. A ruling in favor of Counter Defendant Stevens on his motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial, would require the entry of summary judgment in Stevens's favor on Counter Plaintiffs' legal malpractice claims.

3. Previously, Counter Defendant Stevens filed a motion for summary judgment as to the counterclaim based on Counter Plaintiffs' failure to disclose any expert witness who could establish the standard of care for lawyers and support Counter Plaintiffs' legal malpractice claims against Stevens. (R.116.) Despite expert discovery being closed on February 22, 2017 (R.100), this Court denied Counter Defendant Stevens's motion for summary judgment. (R.124.) This Court re-opened expert discovery and gave Counter Plaintiffs a second chance to disclose a qualified expert witness who could establish the standard of care with regard to their legal malpractice counterclaims against Stevens. (R.124.)

4. Though it denied Stevens's motion for summary judgment, this Court held that "neither of [counter plaintiffs' claims for legal malpractice] is so grossly negligent that a lay person could appraise them without the benefit of the expert testimony." (R.124, p. 3). This Court further held that "**Sharif and the Estate need an expert to establish the standard of care to succeed on their malpractice claims**." (Emphasis added, R.124, p.4.)

5. Thereafter, Counter Plaintiffs disclosed attorney, Kelli Dudley, to be their expert witness who could establish the standard of care with respect to Counter Plaintiffs' legal malpractice claims against Stevens.

6. On January 16, 2018, Counter Defendant Stevens filed his motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial. (R.142.) Counter

Plaintiffs filed a response to Stevens's motion on February 5, 2018. (R.153.) Counter Defendant Stevens filed his reply in support of his motion to bar Kelli Dudley from testifying at trial on February 12, 2018. (R.154.)

7. At the next status hearing on February 22, 2018, which was held in chambers, the parties discussed Counter Defendant Stevens's motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial. This Court reserved ruling on the motion. This Court had not yet determined whether it wanted to have a Rule 702 *Daubert* hearing to address Kelli Dudley's purported qualifications to serve as an expert witness against Stevens.

8. At the subsequent status hearing, on April 4, 2018, this Court advised counsel for the parties that it had not yet made a decision on Counter Defendant Stevens's motion to bar, and it requested that counsel for the parties return with a decision as to whether the Court's ruling on Stevens's motion to bar would streamline the trial in this matter.

9. Counter Defendant Stevens now moves this Court to rule on his previously filed motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial because she is not qualified to offer opinions to establish the standard of care with respect to Stevens's representation of Richard Sharif in the underlying bankruptcy proceedings.

WHEREFORE, Plaintiff/Counter-Defendant, WILLIAM J. STEVENS, respectfully requests this Honorable Court enter an order granting Counter Defendant Stevens's motion to bar Counter Plaintiffs' disclosed expert witness, Kelli Dudley, from testifying at trial and for any further relief this Court deems proper and just.

Respectfully submitted,

DONOHUE BROWN MATHEWSON & SMYTH LLC

By: /s/Scott J. Kater
    Scott J. Kater

John J. Duffy (ARDC#6224834)
David K. Duffey (ARDC#6308917)
Scott J. Kater (ARDC#6324152)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
(312) 422-0900
Service by Facsimile: (312) 422-0909
Service by Email:    service@dbmslaw.com
                      duffy@dbmslaw.com
                      duffey@dbmslaw.com
                      kater@dbmslaw.com